134 F.3d 379
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Gary Wayne ADAMS, Defendant-Appellant.
 No. 97-10203.
 United States Court of Appeals, Ninth Circuit.
 Jan. 15, 1998.**
 
 Before BROWNING, KLEINFELD, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 HAGAN, District Judge.
 
 
 3
 Gary Wayne Adams appeals his jury conviction and sentence for interstate travel to facilitate execution of a fraud, in violation of 18 U.S.C. § 2314. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.
 
 
 4
 Adams contends that the district court erred by admitting evidence of Adam's role in an uncharged, fraudulent business deal. This contention lacks merit
 
 
 5
 At trial, the government admitted evidence of a separate uncharged fraudulent deal in which Adams participated. The trial judge ruled the evidence admissible under 404(b), and instructed the jury accordingly. See Fed.R.Evid. 404(b). Because the uncharged fraudulent deal was sufficiently proven through evidence elicited at trial, was similar in nature to the scheme for which Adams was charged, took place simultaneously to the other offense, and was relevant to show his method and intent, it was admissible under Rule 404(b). See United States v. Melvin, 91 F.3d 1218, 1222 (9th Cir.1996) (articulating test for admitting evidence under Rule 404(b)). In addition, the district court balanced the probative value of the evidence against the prejudicial effect under Rule 403, and found the probative value not to be "Outweighed by any unfair prejudice ..." See Fed.R.Evid. 403; Melvin, 91 F.3d at 1223. This finding was not an abuse of discretion. Melvin, 91 F.3d at 1222.
 
 
 6
 Adams contends that his Fifth Amendment privilege against self-incrimination was violated because he was impermissibly cross-examined about unreported income to the Internal Revenue Service. This contention lacks merit.
 
 
 7
 Because Adams voluntarily took the stand to testify in his own behalf and failed to invoke his Fifth Amendment privileges, he waived this privilege with regard to all matters reasonably related to the case at hand. See United States v. Panza, 612 F.2d 432, 436-37 (9th Cir.1980). The district court properly allowed the questioning because it was offered to impeach Adams's character for truthfulness. See Fed.R.Evid. 608(b); United States v. Dickens, 775 F.2d 1056, 1059 (9th Cir.1985) (court has discretion to permit cross-examination into specific instances of conduct if probative of truthfulness or untruthfulness).
 
 
 8
 Adams contends that the district court miscalculated the amount of loss his actions caused by including consequential or incidental damages in the loss calculation. We disagree.
 
 
 9
 We review for clear error the district court's calculation of the amount of loss. See United States v. Clayton, 108 F.3d 1114, 1118 (9th Cir.1997). Where the loss is difficult to ascertain or inadequate to measure the harm to the victim, the court may consider the reasonable replacement cost to the victim. See U.S.S.G. § 2B1.1 comment (n.2) (1988). The loss need not be determined with precision, and may be inferred from any reasonably reliable information available. See id. at (n.3). "Loss" within the meaning of the Guidelines does not encompass incidental and consequential damages. See United States v. Mende, 43 F.3d 1298, 1302-03 (9th Cir.1995).
 
 
 10
 Adams's base offense level was four. The district court adjusted the offense level upward by nine levels under section 2B1.1(b)(1)(J) on the basis of a loss calculated between $201,000 and $300,000. The district court's loss calculation was accurate, as it correctly accounted for the money taken from the victim, $181,908, as well as an additional $83,000 loss of a deposit due to the victim's reliance upon Adams's assurances of repayment. This loss was a direct result of Adam's fraudulent misrepresentations and not mere consequential or incidental damages. See Mende, 43 F.3d at 1303 (loans issued in reliance on guarantees of repayment were direct result of fraud and not mere incidental damages). The district court's finding that the forfeited deposit could be factored into the calculation in order to properly reflect the replacement cost to the victim as well as adequately redress the. harm done was not clear error. See Clayton, 108 F.3d at 1118.
 
 
 11
 Adams contends that the district court improperly increased his base offense level for obstructing justice.
 
 
 12
 Whether a defendant obstructed justice is a factual determination we review for clear error. See United States v. Barbosa, 906 F.2d 1366, 1369 (9th Cir.1990) If a defendant attempts to obstruct the administration of justice, the offense level shall be increased by two levels. See U.S.S.G. § 3C1.1 (1988). Obstruction of justice is defined as testifying untruthfully concerning a material fact at any judicial proceeding. See U.S.S.G. § 3C1.1, Application Note 1(c) (1988); United States v. Dunnigan, 507 U.S. 87, 95 (1993); Barbosa, 906 F.2d at 1369.
 
 
 13
 Relying on the physical evidence presented at trial, the victim's testimony, and Adams's testimony, the district court found that Adams testified falsely as to a material fact--the origin of a counterfeit bill of sale that was shown to the victim in order to perpetuate the fraudulent scheme. As a result, Adams received a two-point upward enhancement to his base offense level. Given the evidence presented at trial that contradicted Adams's lack of knowledge that the bill of sale was forged, there was no clear error in the district court's specific finding that Adams perjured himself. See U.S.S.G. § 3C1.1 (1988); Dunnigan, 507 U.S. at 95; Barbosa, 906 F.2d at 1369.
 
 
 14
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3